**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                               :
LINDA H. GARVEY,               :
                               :    CIVIL ACTION NO. 07-6134 (MLC)
     Plaintiff,                :
                               :    MEMORANDUM OPINION
     v.                        :
                               :
BARNEGAT BOARD OF EDUCATION,   :
et al.,                        :
                               :
     Defendants.               :
_____:
```

**COOPER, District Judge**

Plaintiff, Linda H. Garvey ("Plaintiff"), commenced this action against (1) the Barnegat Board of Education (the "Board"), (2) Brian Falkowski, the Secretary of the Board, (3) Linda Mitchell ("Mitchell"), the President of the Board, (4) Thomas McMahon ("McMahon"), the superintendent of the Barnegat schools, and (5) George Delaporte ("Delaporte"), the principal of Cecil S. Collins School, which is operated by the Board (collectively, "Defendants"). (Dkt. entry no. 1, Not. Rmv., Ex. B, Amend. Compl.)  Plaintiff alleges, inter alia, that (1) Defendants violated the "New Jersey Right to Know Statute", N.J.S.A. § 47A:1A-1, et seq. (count 1), (2) Mitchell and McMahon acted in bad faith and for an unlawful purpose in falsely advising the Board that RICE Notices had been provided to Plaintiff and others when such notices were not provided in violation of New Jersey law (count 2), (3) McMahon violated Plaintiff's rights under 42

U.S.C. § ("Section") 1983 (count 3), and (4) Delaporte retaliated against Plaintiff because she was a member of the Teachers Association's negotiating team in violation of the National Labor Relations Act and Section 1983 (count 4). (Amend. Compl.)[1] Defendants removed this action on December 27, 2007. (Dkt. entry no. 1, Not. Rmv.) Defendants move for judgment on the pleadings, in effect, pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). (Dkt. entry no. 6.) Plaintiff opposes the motion. (Dkt. entry no. 8.) The Court, for the reasons stated herein, will (1) grant the part of the motion seeking judgment on the pleadings as to the federal claims, (2) enter judgment in favor of Defendants and against Plaintiff on the federal claims, and (3) remand the action insofar as it asserts state claims to state court.

### BACKGROUND

For purposes of addressing this motion only, the Court will accept the following allegations contained in the amended complaint as true. See <u>Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.</u>, 394 F.3d 126, 134 (3d Cir. 2004).

Plaintiff was a first grade teacher at Cecil S. Collins School in Barnegat, New Jersey for four years. (Amend. Compl.,

---

[1] Plaintiff asserts that "[i]t has been determined that RICE Notices were not provided either to [her] or to anyone else in violation of the laws of the State of New Jersey." (Amend. Compl., at 3.) However, Plaintiff does not define or explain "RICE Notices" and does not cite to any specific New Jersey law that has been violated by Defendants' failure to provide these notices.

at 1.)  On April 23, 2007, the Board held a meeting during which it voted on Resolution 42 (the "Resolution"), which provided, inter alia, for Plaintiff's transfer from first grade to fifth grade.  (Id. at 2.)  Initially, there were four votes approving the Resolution, four votes opposing the Resolution, and one abstention.  (Id.)  According to Plaintiff, the Board then held an "Executive Session" to discuss the Resolution "at the request of and based upon false and inaccurate representations and statements of" McMahon.  (Id.)  Plaintiff asserts that during the Executive Session, McMahon improperly coerced and intimidated members of the Board to change their votes and approve the Resolution.  (Id.)  Thus, when the Board reconvened in public session and voted again on the Resolution, there were seven votes approving it and only two votes opposing it.  (Id. at 3.)

Plaintiff's attorney requested the minutes and audio tapes of the Board's public meeting and Executive Session held on April 23, 2007.  (Id.)  On May 14, 2007, Plaintiff received an audio tape of the Board's public meeting discussing the Resolution. (Id.)  Further, at a subsequent meeting held on June 27, 2007, the Board approved the minutes of the April 23, 2007 public meeting and provided a copy of the minutes to Plaintiff several days later.  (Id.)  Plaintiff then inquired about the minutes for the Board's Executive Session discussing the Resolution, but was told those minutes would not be approved until the Board's next

3

meeting, which was scheduled to occur on July 18, 2007.  (Id.)
However, the Board later cancelled the July 18, 2007 meeting, and
thus, the next meeting was scheduled for August 22, 2007.  (Id.)
The Board eventually provided Plaintiff's counsel with a copy of
the minutes of the Executive Session discussing the Resolution in
a letter dated August 30, 2007.  (Id. at 4.)

Plaintiff asserts that:

[a]s a result of the improper and unreasonable delay in
providing approved minutes of the Executive Session of
the meeting held on April 23, 2007, [she] was unable to
determine the basis upon which [the Board] based its
decision involuntarily transferring her from the first
grade to the fifth grade and to properly challenge the
decision.

(Id. at 3.)  Plaintiff further asserts that the Board's conduct
forced her to resign from her teaching position effective
September 4, 2007.  (Id. at 4.)  Thus, Plaintiff commenced this
action on August 6, 2007.  (See Not. Rmv., at ¶ 1.)  Plaintiff
seeks an order (1) declaring that the actions taken by the Board
during the April 23, 2007 Executive Session are illegal and
invalid, (2) awarding her civil penalties pursuant to N.J.S.A. §
47:1A-11 for the Board's unreasonable delay in providing the
Executive Session minutes, and (3) awarding her damages. (See
generally Amend. Compl.)

**DISCUSSION**

**I.   Rule 12(c) Standard**

Rule 12(c) allows any party to move for "judgment on the pleadings."  The difference between a motion pursuant to Rule 12(c) and a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is a matter of timing.  Specifically, motions brought pursuant to Rule 12(b)(6) must be filed before any responsive pleading, while motions brought pursuant to Rule 12(c) may be brought after a responsive pleading has been filed. Fed.R.Civ.P. 12(b)(6), (c); Turbe v. Gov't. of V.I., 938 F.2d 427, 428 (3d Cir. 1991).  Nevertheless, Rule 12(h) provides that the defense of failure to state a claim may be raised in a motion for judgment on the pleadings.  Fed.R.Civ.P. 12(h)(2); Turbe, 938 F.2d at 428.  Thus, the Court must apply the same standards to a Rule 12(c) motion as would be applied to a Rule 12(b)(6) motion. Turbe, 938 F.2d at 428.

A motion to dismiss for failure to state a claim upon which relief can be granted does not attack the merits of the action, but merely tests the legal sufficiency of the complaint.  Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987); see Fed.R.Civ.P. 12(b)(6) (stating that the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted").  On a motion to dismiss, the Court generally must accept as true all of the factual allegations in the complaint, and must draw all

5

reasonable inferences in favor of the plaintiff. Chubb Corp., 394 F.3d at 134; Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001). However, the Court need not credit bald assertions or legal conclusions alleged in the complaint. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)". Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

The Court, when considering a motion to dismiss, may generally not "consider matters extraneous to the pleadings." In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1426. However, if the Court exercises discretion and permits a party to present matters outside the pleadings, the Court must (1) convert the motion to dismiss into one for summary judgment, and (2) allow the parties a reasonable opportunity to present all material pertinent to such a motion under Rule 56. See Fed.R.Civ.P. 12(b). An exception to this general rule is that the Court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint without converting the motion to dismiss into one for summary judgment. Angstadt v. Midd-West Sch. Dis., 377 F.3d 338, 342 (3d Cir. 2004).

## II.  Rule 12(c) Standard Applied Here

### A.  Plaintiff's Section 1983 Claims

Defendants argue that Plaintiff's Section 1983 claims, asserted in count 3 and count 4 of the amended complaint, must be dismissed because Plaintiff has not alleged that she was deprived of a right secured by the United States Constitution or the laws of the United States.  (Defs. Br., at 8.)  Defendants assert that in count 3, Plaintiff "at best pleads a tort claim".  (Id. at 10.)  Further, Defendants assert that to the extent count 3 includes a conspiracy claim, such claim must fail because she has not alleged any deprivation of a specific right or privilege. (Id. at 11-12.)  Similarly, with respect to count 4, Defendants assert that Plaintiff "merely alleges that the actions (transfer of Plaintiff) were done in bad faith and for an unlawful purpose, and were in retaliation for being a member of the union's negotiating team (without supporting facts)."  (Id. at 11.) Defendants emphasize that Section 1983 is not a source of substantive rights.  (Id.)[2]  Thus, Defendants contend that

_____

[2] Defendants also argue that Plaintiff seems to allege that Defendants deprived her of her right to teach first grade as she had in previous years.  (Id. at 13.)  However, the Court agrees with Defendants that Plaintiff has no constitutional or statutory right to teach a particular grade, and thus, such allegation cannot sustain her Section 1983 claims.  (See id. at 13-14.)  In fact, public employment itself is not considered a fundamental right entitled to substantive due process protection under the Fourteenth Amendment to the United States Constitution.  Hill v. Bor. of Kutztown, 455 F.3d 225, 235 (3d Cir. 2006).

7

because Plaintiff has not alleged that she was deprived of a
federal right, Defendants are entitled to judgment on the
pleadings with respect to her Section 1983 claims.

Plaintiff, in contrast, argues that before the April 23,
2007 Board meeting, McMahon "attempted to prevent her from
exercising her first amendment right of free speech by
intimidating her from speaking at the meeting." (Pl. Br., at
15.) Plaintiff also argues that after the meeting, McMahon
"continued his tactics of intimidation by giving an anonymous
letter disparaging [her] to be circulated to the Superintendent
of Toms River Regional Schools and to the members of the Toms
River Board of Education, of which [she] is a member." (Id.)
Moreover, Plaintiff alleges that McMahon and Mitchell, as high-
ranking policy-making officials of the Board, violated her
constitutional rights when they lied to the other Board members
and told them that RICE Notices had been provided to Plaintiff
and others when such notices had not been provided. (Id. at 15-
16.) With respect to Delaporte, Plaintiff alleges that he
admonished and retaliated against her for speaking about problems
in the school district in violation of her First Amendment
rights. (Id. at 18-19.) Last, Plaintiff contends that the Board
is subject to municipal liability under Section 1983, as well as

substantive due process liability for deliberately and arbitrarily abusing its power.  (Id. at 19-21.)[3]

A plaintiff asserting civil rights violations under Section 1983 must establish that the defendant acted under color of state law to deprive the plaintiff of a right secured by the United States Constitution or the laws of the United States.  Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995).  Section 1983 does not create substantive rights, but instead provides a remedy for the violation of rights created by other federal laws.  Id.; Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  "The color of state law element is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." Groman, 47 F.3d at 638.  Further, officials may be liable under Section 1983 for the acts of those over whom they have supervisory responsibility.  However, civil rights liability cannot be predicated solely on the doctrine of respondeat superior.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Personal involvement in the alleged wrong-doing must be shown.  Id.  Defendants here, the Board, the Board's President and Secretary, the superintendent of the Barnegat Schools, and the principal of a Barnegat school, were each acting under the

---

[3] Plaintiff's brief in opposition to the motion contains other allegations pertaining to New Jersey statutory and common law, including references to the "Open Public Meetings Act".  The Court will not discuss these allegations in this section of our opinion, which addresses Plaintiff's Section 1983 claims only.

color of state law at all times relevant to the amended
complaint.

Once it has been established that the defendant acted under
color of state law, the Court must identify the federal right the
defendant allegedly violated.  See Groman, 47 F.3d at 633.  As
discussed in more detail below, this Court finds that Plaintiff
has failed to sufficiently allege that Defendants violated any of
her federal constitutional or statutory rights.  Thus, Defendants
cannot be held liable under Section 1983.  See Martino v. County
of Camden, No. 04-5300, 2005 U.S. Dist. LEXIS 15622, at *41
(D.N.J. July 26, 2005) (explaining that because no established
constitutional right was violated, the defendants could not be
held liable under Section 1983).[4]

### 1.   Count 3

Plaintiff, in count 3, alleges that McMahon (1) advised her
to call the Superintendent of the Toms River School District, who
informed her that McMahon had asked that he convince her not to

---

[4] Defendants state that if Plaintiff is attempting to assert
a conspiracy claim under Section 1983 in count 3 of the amended
complaint, such claim must fail because she has not alleged any
deprivation of a specific federal right or privilege.  (Defs.
Br., at 11-12.)  The Court does not read Plaintiff's Section 1983
claims in count 3 or count 4 as asserting a conspiracy claim.
Moreover, "liability for civil conspiracy depends on performance
of some underlying tortious act, the conspiracy is not
independently actionable".  Meehan v. Harrison, 264 Fed.Appx.
146, 153 (3d Cir. 2008).  Thus, because we have determined that
Plaintiff has failed to sufficiently allege any constitutional
violation by Defendants, Plaintiff cannot assert a conspiracy to
violate constitutional rights claim against Defendants.  Id.

speak at the Board meeting and oppose her involuntary transfer, and (2) delivered a letter dated April 28, 2007 to the Superintendent of the Toms River School District and members of the Toms River Board of Education disparaging Plaintiff's "good name and professional reputation" in an effort to intimidate her with respect to her involuntary transfer.  (Amend. Compl., at 5-6 (count 3).)  Plaintiff asserts that McMahon's conduct violated her rights under Section 1983, but does not identify any specific constitutional right that he allegedly violated.  (See id.)  However, in her brief in opposition to the motion, Plaintiff states that McMahon attempted to prevent her from exercising her rights under the First Amendment.  (Pl. Br., at 15.)

The First Amendment protects a public employee's right to speak as a citizen on matters of public concern under certain circumstances.  Garcetti v. Ceballos, 126 S.Ct. 1951, 1957 (2006).  However, "[a] government entity has broader discretion to restrict speech when it acts in its role as employer, but the restrictions it imposes must be directed at speech that has some potential to affect the entity's operations."  Id. at 1958.  Accordingly, while the First Amendment prevents public employers from restricting the liberties enjoyed by their employees as private citizens, it does not empower such employees to "constitutionalize the employee grievance."  Id. at 1958-59.

11

Section 1983 provides for a cause of action when a state actor retaliates against an individual for participating or engaging in conduct protected by the First Amendment.  See Bradshaw v. Twp. of Middletown, 145 Fed.Appx. 763, 766-67 (3d Cir. 2005).  To state a First Amendment retaliation claim, the plaintiff must allege that (1) the plaintiff's conduct was protected by the First Amendment because it addressed a matter of public concern, (2) the plaintiff was retaliated against, and (3) the protected speech or conduct was a substantial or motivating factor in the alleged retaliation.  Id. at 767; see Ober v. Brown, 105 Fed.Appx. 345, 346-47 (3d Cir. 2004) (explaining that to prevail on a First Amendment retaliation claim the plaintiff must establish that (1) he or she engaged in protected activity, (2) the defendants retaliated in response to the activity, and (3) the defendants could not rebut the claim by showing that they would have taken the same action in the absence of the protected speech).  The employer can rebut the plaintiff's claim by demonstrating that it would have made the same decision absent the protected conduct.  Bradshaw, 145 Fed.Appx. at 767.  Thus, a plaintiff's conduct is protected by the First Amendment when it is about a matter of public concern and the employer does not have a justification for treating the employee differently than other members of the general public.  Muzslay v. City of Ocean City, Nos. 05-1335 & 05-1429, 2007 U.S. App. LEXIS 7311, at *7

(3d Cir. Mar. 29, 2007); <u>see</u> <u>Fogarty v. Boles</u>, 121 F.3d 866, 888 (3d Cir. 1997).

Speech pertains to a matter of public concern if the speech "can be fairly considered as relating to any matter of political, social or other concern to the community." <u>Brennan v. Norton</u>, 350 F.3d 399, 412 (3d Cir. 2003); <u>Costello v. City of Brigantine</u>, No. 99-4072, 2001 U.S. Dist. LEXIS 8687, at *63 (D.N.J. June 28, 2001); <u>see</u> <u>Muzslay</u>, 2007 U.S. App. LEXIS 7311, at *7.  This means that discussing personal grievances cannot constitute speech on matters of public concern.  <u>Brennan</u>, 350 F.3d at 412.  "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." <u>Garcetti</u>, 126 S.Ct. at 1960.  Further, there can be no cognizable First Amendment claim under Section 1983 in the absence of speech.  <u>Fogarty</u>, 121 F.3d at 890-91 (concluding that the absence of speech was fatal to the plaintiff's claim).  This is true even if the employer discharges the employee based on substantively incorrect information about whether protected statements were made.  <u>See</u> <u>id.</u> at 890.

The Court finds that Plaintiff has not sufficiently alleged that she engaged in any conduct protected by the First Amendment. <u>See</u> <u>Ober</u>, 105 Fed.Appx. at 346-47 (explaining that to prevail on a First Amendment retaliation claim the plaintiff must establish,

inter alia, that he or she engaged in protected activity). Plaintiff argues that McMahon attempted to intimidate her from speaking about her involuntary transfer at the April 23, 2007 Board meeting.  (Amend. Compl., at 6.)  However, Plaintiff does not allege that she actually made any statements or even contemplated making statements opposing her transfer at that Board meeting or on any other occasion.  Thus, Plaintiff has no cognizable First Amendment claim with respect to speech she did not actually make regardless of whether any of the Defendants erroneously believed she made or would make such statements.  See Fogarty, 121 F.3d at 890-91 (concluding that the absence of speech was fatal to the plaintiff's claim).

Any statement Plaintiff might have made about her potential transfer at the Board meeting also would not have addressed matters of public concern.  Instead, statements opposing her transfer to fifth grade, as well as statements indicating that McMahon and others were attempting to intimidate her and disparage her reputation pertain solely to Plaintiff's own employment situation, and therefore, are not matters of public concern.  See Muzslay, 2007 U.S. App. LEXIS 7311, at *8 (agreeing with the district court that the plaintiff's objections regarding the abrogation of his authority involved only his personal employment situation, and thus, were not protected by the First Amendment).  Last, the only retaliatory conduct Plaintiff alleges

14

on the part of McMahon is that he sent a letter disparaging her good name and reputation.  (<u>See</u> Amend. Compl., at 6.)  However, "courts have declined to find that an employer's action have adversely affected an employee's exercise of [her] First Amendment rights where the employer's alleged retaliatory acts were criticism, false accusations, or verbal reprimands." <u>Brennan</u>, 350 F.3d at 419 (emphasis omitted).  Thus, we find that Plaintiff has not sufficiently stated a First Amendment claim against McMahon in count 3 of the amended complaint.[5]

###     2.   Count 4

Plaintiff, in count 4, asserts that Delaporte (1) learned that she was a member of the Barnegat Teachers Association's negotiating team, (2) admonished her for speaking about problems in the district, (3) involuntarily transferred her from first grade to fifth grade, and (4) retaliated against her because she

---

[5] To the extent Plaintiff attempts to assert a defamation claim under Section 1983 in count 3, such claim must also fail because "[d]efamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." <u>Siegert v. Gilley</u>, 500 U.S. 226, 233 (1991).  Similarly, allegations of threats and verbal harassment do not constitute the violation of any federally protected right, and thus, cannot establish a Section 1983 claim.  <u>Banda v. Corzine</u>, No. 07-4508, 2007 U.S. Dist. LEXIS 80932, at *37-*38(D.N.J. Nov. 1, 2007) (noting that verbal harassment, taunts, threats, or use of profanity alone do not state constitutional claims and are not actionable under Section 1983); <u>Bieros v. Nicola</u>, 860 F.Supp. 226, 233 (E.D. Pa. 1994) (noting that "[m]ere verbal harassment . . . does not rise to the level of a constitutional deprivation so as to qualify for a claim under [S]ection 1983, unless fulfillment of that threat was conditioned on plaintiff exercising some constitutionally protected right").

was a member of the Barnegat Teachers Association's negotiating
team in violation of the National Labor Relations Act and Section
1983.  (Amend. Compl., at 7.)[6]  Plaintiff does not identify any
specific constitutional right that Delaporte allegedly violated.
(See id.)  However, in her brief in opposition to Defendants'
motion, she states that he admonished and retaliated against her
for speaking about problems in the school district in violation
of her First Amendment rights.  (Pl. Br., at 18-19.)
Nevertheless, after accepting Plaintiff's allegations in count 4
as true, we find that she has failed to state a First Amendment
claim against Delaporte.

Plaintiff, in count 4, has not identified any statement
deserving of First Amendment protection.  Instead, she generally
states that Delaporte admonished her for "speaking about problems
in the District" and transferred her after she became involved
with her union's negotiating team.  (See Amend. Compl.)
Membership in a union "negotiating team" does not constitute
conduct protected by the First Amendment.  Further, statements
made by a public employee carrying out official duties, including

---

[6] In her brief in opposition to the motion, Plaintiff
concedes that the Board is a political subdivision of the state
of New Jersey pursuant to 29 U.S.C. § 152(2), which is not
subject to the National Labor Relations Act.  (Pl. Br., at 23.)
Thus, the Court will dismiss count 4 of the amended complaint
insofar as it asserts a claim under the National Labor Relations
Act.  Plaintiff also concedes that she has not, as Defendants
contend, asserted a claim under Title VII of the Civil Rights
Act.  (Id. at 24.)

negotiating terms of employment, are not entitled to First
Amendment protection.  See Garcetti, 126 S.Ct. at 1960 ("[W]hen
public employees make statements pursuant to their official
duties, the employees are not speaking as citizens for First
Amendment purposes, and the Constitution does not insulate their
communications from employer discipline.").  Thus, Plaintiff has
not alleged that she made statements about matters of public
concern deserving First Amendment protection, as opposed to
statements of personal interest, in her capacity as member of the
negotiating team or in simply discussing district "problems".
See Brennan, 350 F.3d at 412 (explaining that speech only
pertains to a matter of public concern if it relates to a matter
of political, social, or other concern to the community);
Costello, 2001 U.S. Dist. LEXIS 8687, at *63 (same).

    Plaintiff also has not sufficiently alleged that she engaged
in protected speech or conduct that was a motivating factor in
Delaporte retaliating against her.  In fact, Plaintiff explains
in the amended complaint that she resigned to avoid her transfer
to fifth grade after a majority of the members of the Board voted
to approve the Resolution.  (See Amend. Compl., at 3-4.)
Plaintiff has not asserted, however, that Delaporte is a member
of the Board, and thus, he would not have participated in the
voting process.  Plaintiff has not alleged that Delaporte
participated in any way in the decision to transfer her from

first grade to fifth grade apart from noting that he is the principal of the school where she formerly taught first grade. Accordingly, the amended complaint is devoid of any allegations suggesting that either Plaintiff engaged in conduct or speech protected by the First Amendment, or that Delaporte retaliated against her for exercising her First Amendment rights.  Thus, the Court finds that Plaintiff has failed to state a First Amendment claim against Delaporte in count 4 of the amended complaint.

### 3.   Plaintiff's Section 1983 claims against the Board

Plaintiff does not assert any Section 1983 claims against the Board in the amended complaint.  Nevertheless, in her brief in opposition to the motion, Plaintiff seems to argue that the Board (1) is subject to municipal liability under Section 1983 pursuant to Monell v. N.Y.C. Dep't of Soc. Servs., and (2) violated her substantive due process rights under the Fourteenth Amendment.  (See Pl. Br., at 19-21.)

Local government units may be sued directly under Section 1983 if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978); see Natale v. Camden County Corr. Fac., 318 F.3d 575,

583-84 (3d Cir. 2003).[7]  To establish municipal liability under Section 1983, "a plaintiff must [first] show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990).  A policy is made when a decision maker with authority to establish municipal policy issues a final proclamation, policy, or edict. Kneipp, 95 F.3d at 1212. Moreover, a custom is a course of conduct by state officials that, although not officially authorized, is so permanent and well settled that it essentially constitutes law. Id.  In any event, under Monell, there can be no municipal liability if the Court determines that none of the individual defendants violated the plaintiff's constitutional rights.  See Deninno v. Mun. of Penn Hills, No. 07-1550, 2008 U.S. App. LEXIS 5518, at *12 (3d Cir. March 14, 2008); Bornstad v. Honey Brook Twp., 211 Fed.Appx. 118, 126 (3d Cir. 2007) (concluding that because the court found that there was no violation of the plaintiff's constitutional rights, there was no basis for imposing municipal liability). Thus, because we have determined that Plaintiff has failed to state a claim for constitutional violations against any of the

---

[7] A board of education constitutes a municipal entity for Monell purposes.  Grendysa v. Evesham Twp. Bd. of Educ., No. 02-1493, 2005 U.S. Dist. LEXIS 22748, at *42 (D.N.J. Sept. 27, 2005) (explaining that Monell applies to boards of education).

19

individual Defendants, the Court cannot impose municipal liability against the Board.  Accordingly, the Court finds that Plaintiff cannot assert a <u>Monell</u> claim against the Board.[8]

The Court also finds that Plaintiff cannot state a substantive due process claim against the Board.  The Due Process Clause of the Fourteenth Amendment provides, "nor shall any State deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV. "So-called substantive due process prevents the government from engaging in conduct that shocks the conscience, or interferes with rights implicit in the concept of ordered liberty".  <u>United States v. Salerno</u>, 481 U.S. 739, 746 (1987) (internal cites and quotes omitted) (discussing Fifth Amendment's due process clause, which contains identical language).  To prevail on a substantive due

---

[8] Plaintiff, in her brief in opposition to the motion, also alleges that McMahon and Mitchell, as "high ranking policy making officials of the Board", violated her constitutional rights by falsely stating to the Board members that RICE Notices had been provided to her and others potentially affected by the Resolution.  (Pl. Br., at 15-16.)  Plaintiff does not identify any federal right that McMahon and Mitchell allegedly violated by making such a false statement.  Further, in the amended complaint, Plaintiff asserts that Defendants' failure to provide RICE Notices violates New Jersey law, not federal law.  (Amend. Compl., at 5.)  To the extent Plaintiff is attempting to assert a <u>Monell</u> claim against McMahon and Mitchell by alleging that they are "high ranking policy making officials of the Board", such claim fails because the Plaintiff has not sufficiently alleged a violation of any of her constitutional rights.  <u>See Deninno</u>, 2008 U.S. App. LEXIS 5518, at *12; <u>Bornstad</u>, 211 Fed.Appx. at 126 (concluding that because the court found that there was no violation of the plaintiff's constitutional rights, there was no basis for imposing municipal liability).

process claim, the plaintiff must demonstrate that he or she has a fundamental property interest or right under the United States Constitution.  <u>Hill</u>, 455 F.3d at 235.  Liberty interests protected by the Due Process Clause of the Fourteenth Amendment may arise under the clause itself, a state statute, or a regulation.  <u>Muhammad v. Fauver</u>, No. 79-3121, 1989 U.S. Dist. LEXIS 7324, at *43 (D.N.J. July 28, 1989).

Plaintiff has not alleged that she has any fundamental property interest or right entitled to Fourteenth Amendment protection.  <u>See Hill</u>, 455 F.3d at 235.  The only rights Plaintiff alleges that the Board interfered with are her right to teach first grade and her right to have her potential transfer discussed at a public meeting.  However, neither the right to teach first grade nor the right to have her transfer discussed at a public Board meeting are rights implicit in the concept of ordered liberty.  <u>See Salerno</u>, 481 U.S. at 746.  Moreover, although Plaintiff asserts that the Board and others acted improperly and in bad faith, she has not alleged that the Board engaged in any conduct that "shocks the conscience" of the Court. <u>Id.</u>  Therefore, the Court finds that Plaintiff has failed to sufficiently allege that the Board violated the contours of any of her fundamental rights.  <u>See Leamer v. Fauver</u>, 288 F.3d 532, 536 (3d Cir. 2002) (stating that the first step in analyzing a substantive due process claim is to determine whether the exact

21

contours of the fundamental right have been violated).  Thus,
Plaintiff has not stated either a municipal liability claim or a
substantive due process claim under Section 1983 against the
Board.

    **B.   Plaintiff's State Claims**

        The remainder of Plaintiff's allegations assert various
state law claims against the Defendants.  The Court will not
exercise supplemental jurisdiction over Plaintiff's state law
claims in view of the impending judgment in the Defendants' favor
on the federal claims.  <u>See</u> 28 U.S.C. § 1367(c)(3) (authorizing
same).  Thus, the Court will (1) deny without prejudice the part
of the motion seeking judgment as to the state claims, and (2)
remand the action insofar as it asserts state claims to state
court.

**CONCLUSION**

The Court will (1) grant the part of the motion seeking judgment on the pleadings as to the federal claims, (2) enter judgment in favor of Defendants and against Plaintiff on the federal claims, and (3) remand the action insofar as it asserts state claims to state court.  The Court will issue an appropriate order and judgment.


     s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: July 21, 2008